IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR SPIVEY, | ) |
| JIMMY LEE MERCER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WAFFLE HOUSE, INC., | ) |
| JACE H. GRAFE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Victor Spivey and Jimmy Lee Mercer went to the Waffle House for a late-night meal. After eating, they paid in cash and left. Defendant Waffle House's employees then called the police and falsely reported that Plaintiffs left without paying. Defendant Detective Jace H. Grafe investigated the theft and obtained a warrant for Plaintiffs' arrest. Plaintiffs file this lawsuit against Waffle House, Inc., and Detective Grafe.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because this is the district where Defendant resides or conducts business and where the claims arose.

## PARTIES

3.    Plaintiff Victor Spivey resides in DeKalb County, Georgia.

4.    Plaintiff Jimmy Lee Mercer resides in Dekalb County, Georgia.

5.    Defendant Waffle House, Inc., is a domestic corporation whose registered agent is located in Gwinnett County, Georgia.

6.    Defendant Detective Jace Grafe was a detective with the City of Norcross Police Department. Detective Grafe is sued in his individual capacity.

## FACTUAL ALLEGATIONS

7.    On July 29, 2023, Plaintiffs went to eat at the Waffle House on Peachtree Industrial Boulevard.

8.    After sitting down at a booth, one of the Waffle House employees provided them menus and took their order.

9.    At around 3:00 a.m., Mr. Spivey asked for the check and for to-go containers.

10.   The total check for the meal was $13.78.

11.   After the Waffle House employee brought the check and to-go containers, Mr. Spivey returned the check to the employee along with $16.00 in cash.

12.   The Waffle House employee took the check and cash to the register.

13.   Meanwhile, Plaintiffs boxed up their food and walked to the door.

14.   After counting the money twice, the Waffle House employee informed his coworker, Stacey Palmer, that Plaintiffs did not pay the bill.

15.   Ms. Palmer picked up the phone at the register and called the police.

16. Later, Officer Poole, an officer employed by the City of Norcross, responded to the scene and spoke with Ms. Palmer.

17. Ms. Palmer reported to Officer Poole that Plaintiffs had not paid their bill before leaving the restaurant.

18. Ms. Palmer described the car that Plaintiffs left in as a silver Ford Mustang.

19. Using the car's description, Officer Poole identified Mr. Spivey's car using footage from Flock cameras.

20. Officer Poole showed Mr. Spivey's license photo to Ms. Palmer who confirmed he was one of the people who did not pay for the meal.

21. When Officer Poole asked whether Waffle House wished to prosecute the matter, Ms. Palmer answered affirmatively and requested that Plaintiffs be prosecuted.

22. Once Officer Poole identified the car and Mr. Spivey, the case was forwarded to Defendant Grafe who obtained warrants for Plaintiffs' arrests.

23. As a result of their arrest and subsequent prosecution, Plaintiffs suffered injuries, including, but not limited to, lost employment and costs of defending against the criminal charges.

24. On April 9, 2025, the Gwinnett County Solicitor General filed a motion to nolle prosequi Mr. Spivey's case.

25. On June 8, 2025, the Gwinnett County Solicitor General filed a notice that no accusation would be filed in Mr. Mercer's case.

## COUNT I

26. This Count is against Waffle House and incorporates all preceding paragraphs. This Count is brought under O.C.G.A. § 51-7-40.

27. Waffle House's employees knew that Plaintiffs paid their bill at the time they called the police.

28. Nevertheless, Ms. Palmer falsely reported to dispatch and then to Officer Poole that Plaintiffs had not paid their bill.

29. On Waffle House's behalf, Ms. Palmer also urged the police to prosecute the Plaintiffs based on the false information she gave.

30. Police relied entirely on Ms. Palmer's false information, and the officers did not independently investigate whether Plaintiffs had paid their bill.

31. Ms. Palmer's conduct constituted a malicious prosecution under Georgia law.

32. Ms. Palmer's conduct evidenced a conscious indifference to the consequences of her actions for which Plaintiffs are entitled to punitive damages to penalize Defendants and deter similar conduct in the future.

33. Ms. Palmer was Waffle House's employee and agent. Waffle House is thereby liable to Plaintiffs under the theory of respondeat superior.

## COUNT II

34. This count is against Defendant Grafe in his personal capacity. It incorporates paragraphs 8–25. This count is plead in the alternative to Count I. This Count is

brought under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

35. After the investigation was transferred to Defendant Grafe, he obtained a copy of security camera footage from the Waffle House.

36. That security camera footage clearly shows that Plaintiffs paid the bill for their food and the Waffle House employee received and counted $16.00 in cash.

37. After watching those videos, Defendant Grafe applied for an arrest warrant for each Plaintiff. In those arrest warrants, Defendant Grafe stated that each Plaintiff consumed a meal at Waffle House and then left without paying.

38. Defendant Grafe made this statement despite knowing that Plaintiffs paid for the meal in cash, as shown on the video.

39. Based solely on that misrepresentation, a Gwinnett County magistrate judge issued arrest warrants for Plaintiffs.

40. Defendant Grafe's conduct evidenced a conscious indifference to the consequences of his conduct for which Plaintiffs are entitled to punitive damages to penalize Defendants and deter similar conduct in the future.

## **COUNT III**

41. This Count is alleged against Defendant Grafe and incorporates paragraphs 8–25 and 35–40. This Count is brought under O.C.G.A. § 51-7-40. This Count is pled in the alternative to Count I.

42.   Defendant Grafe acted with actual malice when obtaining the arrest warrants for

Plaintiffs because he included material information that he knew was false based

on the Waffle House security video.

43.   Defendant Grafe is not entitled to official immunity under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to:

a.   Assume jurisdiction over this matter;

b.   Provide for a jury trial upon all claims and issues so triable;

c.   Award Plaintiffs nominal, compensatory, and special damages against Defendants

in an amount to be proven at trial;

d.   Award punitive damages against Defendants in an amount to be proven at trial;

e.   Award Plaintiffs reasonable attorney's fees and costs of litigation against

Defendant Grafe under 42 U.S.C. § 1988;

f.   Award Plaintiffs reasonable attorney's fees against Defendants under O.C.G.A. §

13-6-11;

g.   Award such other relief to which Plaintiffs are entitled either at law or in equity,

whether explicitly pleaded or not.

Submitted on December 11, 2025.

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No. 825553
jeff@civil-rights.law

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225

**Wingo F. Smith**
Wingo F. Smith
Georgia Bar No. 147896
wingo@civil-rights.law

**Charles Webb**
Charles Webb
Georgia Bar No. 743720
mrclw1@bellsouth.net

Attorney Charles L. Webb, Inc.
2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
770-455-1350